**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

STEVE D. ROBERSON                                                                          PLAINTIFF

v.                                                                    CIVIL ACTION NO. 1:24-CV-P51-JHM

LOGAN COUNTY DETENTION CENTER JAIL                                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Steve D. Roberson, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action.  The complaint (DN 1), amended complaint (DN 11),[1] and second amended complaint (DN 14) are before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, this action will be dismissed.

**I. STATEMENT OF CLAIMS**

Plaintiff, a prisoner at the Logan County Detention Center (LCDC), sues LCDC.  He states that on March 13, 2024, while Officer Patti Bell and another officer were conducting a prisoner count, he asked Bell the name of the perfume she was wearing.  She told him the name, and Plaintiff said that it smelled good on her.  Plaintiff states that Bell then said, "'You know what the ole saying is don't you?'"  When he replied that he did not, she said, with a smile, "'[O]lder women make better lovers.'"  Plaintiff explains that Bell's comment made him uncomfortable and brought back memories of when he was taken advantage of at a young age.

Plaintiff states that later another officer advised him of his Prison Rape Elimination Act (PREA) rights.  He states that he wrote a letter and filed a grievance about the incident and was

---

[1] Because Plaintiff initiated two cases in this Court with virtually identical complaints, the cases were consolidated, with this case being the lead case and the later-filed case being administratively dismissed.  The complaint from the later-filed case, is the amended complaint (DN 11) in this case and has one additional exhibit attached to it.  The Court has considered all the exhibits in this initial review.

then questioned by a sergeant and a captain.   However, according to Plaintiff, after PREA allegations are made, the Sheriff's Office is supposed to investigate and that, during that investigation, appropriate housing is supposed to be provided.  He alleges, "Violation of my rights cause I'm not only still in the same place but Officer Bell is still coming into our dorm . . . and I feel I'm being punished."  He claims that LCDC is not taking the matter seriously enough to follow the PREA and putting his "rights" in danger.

As exhibits, Plaintiff attaches a complaint to the Kentucky Board of Medical Licensure dated six months before the time pertinent to this case, but which does reference what is presumably the same childhood experience Plaintiff refers to in this case, DNs 1-1 and DN 11-1, and what appears to be handwritten notes of what the PREA policy is.  DN 11-2.

Plaintiff has also filed a second amended complaint (DN 14).  It adds Simpson County as a Defendant but does not set forth any new facts.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Effect of Plaintiff's Notice of Appeal

First, the Court must consider whether it has been divested of jurisdiction over this case because Plaintiff filed a notice of appeal (DN 16).

"As a general rule, a district court loses jurisdiction over an action when a party perfects an appeal[.]" *Rucker v. U.S. Dept. of Labor*, 798 F.2d 891, 892 (6th Cir. 1986). However, that general rule is not absolute as, among other exceptions, a district court retains jurisdiction when a party appeals from a "non-appealable non-final order[.]" *Id.* Indeed, a notice of appeal taken from an obviously non-appealable, non-final order "may properly be ignored by the district court." *Higgs v. Easterling*, No. 3:11CV–P499–S, 2013 WL 1338197, at *1 (W.D. Ky. March 29, 2013) (citing *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981)).

Plaintiff's notice of appeal refers to "final judgment c. 7-14-24." However, there is no final judgment in this case. On July 12, 2024, the Court ordered the administrative dismissal of Plaintiff's other case against the Logan County Detention Center, *Roberson v. Logan County Detention Center Jail*, No. 1:24-cv-P54-JHM, and consolidated that case with this one because it

3

raised the same facts and claims asserted in this case.  Thus, as stated above, the complaint in that case is being considered in this case.

Because there has been no final judgment entered, Plaintiff's notice of appeal is interlocutory, and the Court may ignore it.

**A. Second Amended Complaint**

Plaintiff's second amended complaint[2] (DN 14) states that he seeks declaratory and injunctive relief but does not specify what form that relief should take.  He adds Simpson County as a Defendant.  It adds no new facts and contains legalese that has no application to this case such as references to the Federal Tort Claims Act (FTCA), the Americans with Disabilities Act (ADA), and the Rehabilitation Act.

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims.  Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  "Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or

---

[2] The first amended complaint (DN 11) in this case is labelled as such because the Court consolidated Plaintiff's other case based on the same facts with this case.  The Court, therefore, considers the second amended complaint (DN 14) to have been filed under Federal Rule of Civil Procedure 15(a)(1) in which "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).

occurrence and presents questions of law or fact common to all." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (internal quotations marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied). Here, Plaintiff joins two different counties' governments as Defendants in one suit but utterly fails to allege that the claims against one county's facility arise out of the same occurrence or transaction as those against the other county's facility.

The FTCA allows plaintiffs to seek damages from the United States for certain torts committed by federal employees. *See* 28 U.S.C. §§ 1346(b), 2679. Plaintiff does not seek damages from the United States; nor does he allege facts suggesting negligent or wrongful conduct by a federal employee. He, therefore, fails to state a claim under the FTCA.

The ADA and the Rehabilitation Act, both of which offer protections to disabled individuals in certain instances, also have no application to the facts of this case. This case involves a remark from a LCDC guard to Plaintiff after he inquired about her perfume.

Accordingly, the Court will dismiss Simpson County Government as a Defendant in this action for improper joinder and the second amended complaint (DN 14) for failure to state a claim upon which relief may be granted.

### B. PREA Claim

Plaintiff alleges that, despite writing a letter and a grievance about the incident with Officer Bell, LCDC did not take the matter seriously enough to follow the PREA.

"The PREA does not provide prisoners with a private right of action[.]" *Galeski v. Washington*, No. 1:24-CV-339, 2024 WL 3022958, at *4 (W.D. Mich. June 17, 2024) (and cases cited therein). "The PREA is intended to address the problem of rape in prison, authorizes grant

money, and creates a commission to study the issue," but does not grant any specific rights to prisoners. *Chinnici v. Edwards*, No. 1:07–cv–229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008). As such, "[a]n alleged PREA violation, or a failure to adequately investigate an alleged PREA violation may not be raised under 42 U.S.C. § 1983." *Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 2555446, at *21 (S.D. Ohio Mar. 17, 2023), *report and recommendation adopted*, 2023 WL 6065130 (S.D. Ohio Sept. 18, 2023).

Accordingly, the Court will dismiss Plaintiff's claims under the PREA and for failure to investigate under the PREA for failure to state a claim upon which relief may be granted.

### C. § 1983

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff alleges that Officer Bell made a sexually-charged remark which made him uncomfortable and brought back traumatic childhood memories. However, verbally abusive and harassing language, even of a sexual nature, by a prison employee does not violate the constitution. *See, e.g.*, *Beavers v. Harrison*, 655 F. Supp. 3d 628, 630 (E.D. Mich. 2023) ("Even verbal threats of sexual assault do not violate an inmate's constitutional rights under § 1983.") (quoting *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004)); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[O]ffering sexual favors to an inmate may be reprehensible; however, it does not rise to the level of a constitutional violation and thus fails to state a claim upon which relief may be

granted."); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000)

("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level

of a constitutional violation [as such is merely verbal abuse].").

Nor does Plaintiff state a § 1983 claim because he is still housed in the same dorm in

apparent violation of a policy to move a prisoner who makes a PREA complaint to other

appropriate housing. Violations of state regulations or correctional institute policies that are not

also violations of federal constitutional rights are not actionable. *See, e.g.*, *Davis v. Scherer*, 468

U.S. 183, 193 (1984) (violations of state regulations are not actionable under § 1983); *Smith v.*

*Erie Cnty. Sheriff's Dep't*, 603 F. App'x 414, 421 (6th Cir. 2015) ("Failure to comply with jail

policy is not a per se constitutional violation."); *Laney v. Farley*, 501 F.3d 577, 583 n.2 (6th Cir.

2007) (finding that a violation of county's policy granting students notice before suspension would

not support a § 1983 claim).

Accordingly, the Court will dismiss this case for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date:   July 26, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.009